UNITED STATES of America, Plaintiff,

v.

Morton G. FRIEDBERG, a/k/a "Jerry Friedberg," Igor Porotsky, Igor Roizman, Joseph Galizia and Gerald Teich, Defendants.

No. CR 91–0072.

United States District Court,
E.D. New York.

June 24, 1991.

Stephen G. Huggard, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

James J. O'Rourke, Hauppauge, N.Y., for defendant Friedberg.

Kase & Druker by John Laurence Kase, Garden City, N.Y., for defendant Porotsky.

Charles Lavine, Forest Hills, N.Y., for defendant Roizman.

Harold Borg, Kew Gardens, N.Y., for defendant Galizia.

Orenstein, Musoff & Orenstein, P.C. by Wallace Musoff, New York City, for defendant Teich.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, a federal indictment charged defendants with numerous violations, including federal tax evasion, stemming from a gasoline bootlegging operation uncovered pursuant to a joint state-federal task force investigation. Defendants previously pled guilty to an extensive state indictment culled from the same investigation, and they now seek to dismiss the federal indictment on double jeopardy grounds. Presently before the Court is defendants' motion for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure and the Double Jeopardy Clause of the Fifth Amendment. For the following reasons, defendants' motion is denied.

## BACKGROUND

Defendants were investigated as part of a joint state-federal task force operation designed to pursue allegations of state and federal excise tax evasion in the metropolitan New York area. Participating in the investigation were the New York State Attorney General, the Nassau and Suffolk County District Attorneys, the New York State Department of Taxation & Finance, the Nassau and Suffolk County Police Departments, the United States Attorney for the Eastern District of New York, the Organized Crime Strike Force for that district, the Federal Bureau of Investigation, and the Internal Revenue Service. In addition, Suffolk County Assistant District Attorney Raymond Jermyn was "cross-designated" as an Assistant United States Attorney for purposes of the investigation. Although the task force operation was initiated with the goal of obtaining evidence which would be employed in the prosecution of state grand larceny charges, the agents involved in the operation expected that the investigation would yield evidence pertinent to the prosecution of federal violations as well.

In 1986, defendants pled guilty to virtually all charges in a 1004–count state indictment which alleged, *inter alia*, New York State excise tax evasion. Federal investigators continued their inquiry, however, until January 1991, and ultimately rendered an indictment. Defendants now move to dismiss the federal indictment, urging that such action violates the Double Jeopardy Clause of the Fifth Amendment.

## DISCUSSION

Defendants assert that the federal indictment should be dismissed, as violative of the Double Jeopardy Clause of the Fifth Amendment, because they previously were prosecuted by New York State for the same conduct which, in part, underlies the present indictment, and further, because agents of the federal government were intimately involved in the state investigation and prosecution. They argue that the dual sovereignty doctrine, first enunciated by the Supreme Court in *United States v. Lanza*, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922), is inapplicable to the present case because of the "inextricable" involvement of state and federal officials in the initial prosecution. In support of this argument, defendants rely on *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) *reh'g denied*, 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258 (1959), where the Supreme Court held that a subsequent prosecution is barred where one sovereign is "acting as a 'tool' of the other, or where one prosecution is merely 'a sham and a cover' for another." *United States v. Davis*, 906 F.2d 829, 832 (2d Cir.1990) (quoting *Bartkus*, 359 U.S. at 123–24, 79 S.Ct. at 678). While acknowledging the accuracy of defendants' recitation of the exceptions to the dual sovereignty doctrine, this Court finds that the facts of the present case simply do not warrant their application.

The Fifth Amendment states, in relevant part, "Nor shall any person be subject *for the same offense* to be twice put in jeopardy for life or limb." U.S. CONST. amend. V (emphasis added). As the

government observes, the Constitution, by its very terms, "eloquently resolves" the issue raised in this case, because the defendants are, in fact, being pursued for separate and distinct violations. It has long been recognized that a federal prosecution, subsequent to a state proceeding prompted by the same conduct, is not precluded by the edicts of the Double Jeopardy Clause. *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Lanza*, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922). This principle, commonly referred to as the dual sovereignty doctrine, was first enunciated in *Lanza*, where the Supreme Court explained that "the Fifth Amendment ... applies only to proceedings by the federal government, ... and the double jeopardy therein forbidden is a second prosecution under authority of the Federal Government after a first trial for the same offense under the same authority." 260 U.S. at 382, 43 S.Ct. at 142 (citation omitted). The primary rationale for thus restricting the ambit of the Double Jeopardy Clause is that, as every citizen of the United States is a citizen of a state or territory as well, such an individual may, by a single act, " 'commit[ ] two offences for each of which he is justly punishable.' " *Bartkus*, 359 U.S. at 132, 79 S.Ct. at 682 (quoting *Moore v. Illinois*, 14 How. 13, 20, 14 L.Ed. 306 (1852). In discussing the scope and limits of the Double Jeopardy Clause, the Supreme Court has further reasoned that "if the states are free to prosecute criminal acts violating their laws, and the resultant state prosecutions bar federal prosecutions based on the same acts, federal law enforcement must necessarily be hindered." *Abbate*, 359 U.S. at 195, 79 S.Ct. at 670.

■ However, as both the Supreme Court and the Second Circuit have noted, the dual sovereignty doctrine is not wholly without exception. *Bartkus*, 359 U.S. at 123–24, 79 S.Ct. at 678; *United States v. Russotti*, 717 F.2d 27, 31 (2nd Cir.1983), *cert. denied*, 465 U.S. 1022, 79 L.Ed.2d 678 (1984). In *Bartkus*, the Supreme Court carved out a narrow exception to the dual sovereignty rule, wherein a successive prosecution will be barred if it is demon-

strated that one prosecuting sovereign is merely acting as a "tool" of another sovereign, or where the second proceeding is essentially a "sham and a cover" for the first. 359 U.S. at 123–24, 79 S.Ct. at 682. Emphasizing the restraint with which this exception should be applied, the Second Circuit has recently declared that only an "extraordinary type of case" will fall within the narrow parameters of the *Bartkus* exception. *Davis*, 906 F.2d at 832.

■ Defendants fail to establish the existence of such extraordinary circumstances. It is well-settled in the Second Circuit that the mere showing of a joint investigation of criminal activity by two sovereigns is insufficient to invoke the *Bartkus* exception. *Davis*, 906 F.2d 829 (2d Cir.1990); *United States v. Aboumoussallem*, 726 F.2d 906 (2d Cir.1984); *United States v. Russotti*, 717 F.2d 27 (2d Cir. 1983). Defendants rely extensively on language in *Davis* which distinguishes between joint federal-state activity undertaken merely on the investigative level, and that which involves participation by prosecutors, "those with the authority to act in their sovereign's name." *Davis*, 906 F.2d at 834. Defendants assert that because there was joint activity on the prosecutorial level, and, in particular, because one agent was cross-designated as a representative of both state and federal interests, there was sufficient involvement to justify abrogation of the dual sovereignty doctrine.

However, defendants' interpretation of *Davis* swallows the *Bartkus* rule. Although clearly differentiating between investigative and prosecutorial participation, *Davis* does not support the proposition that a significant degree of joint prosecutorial activity, absent some form of manipulation as indicated in *Bartkus*, is a sufficient basis for departing from the dual sovereignty doctrine. *Davis*, for instance, involved the question of the admissibility in federal proceedings of evidence which the County Court Judge had declared illegally obtained. *See id.* at 835.

■ As the government in the present case accurately asserts, the state has "no

motive" for attempting to manipulate the initiation or outcome of a federal prosecution, since the state proceedings were resolved with a guilty plea. Defendants assert that the federal prosecution was commenced for the purpose of exacting a heavier sentence than was rendered by the state court, and thus, impliedly, that manipulation was in fact involved. However, the Second Circuit has held that "[e]ven if federal prosecutors had previously agreed that [a] state prosecution should proceed first on the expectation that substantial punishment would be imposed, the federal prosecutors would not thereby be 'manipulating' [the] state prosecution in any sense that might implicate double jeopardy or due process concerns." *Aboumoussallem,* 726 F.2d at 910 n. 3 (citation omitted). Similarly, the initiation of proceedings by a sovereign, for the purpose of exacting a sentence which it lawfully seeks in response to a transgression of its laws, is not manipulative under *Bartkus* or under any other standard. Thus, even assuming, *arguendo,* the veracity of defendants' assertions, no basis exists for disregarding the dual sovereignty doctrine.

In the absence of such a basis, defendants' reliance on *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), is unfounded. *Grady* announced the present standard for reviewing whether successive prosecutions by a single sovereign impermissibly involve the same conduct, so as to render the second invalid under the Double Jeopardy Clause. Since defendants have failed to establish a sufficient nexus between the state and federal prosecution to justify application of the *Bartkus* exception, the state and federal prosecutions may not properly be viewed as the activity of a sole sovereign, and consequently, the *Grady* test holds no relevance.

■ Finally, defendants' collateral estoppel arguments are misplaced. As the government concedes, a determination of collateral estoppel may indeed have double jeopardy consequences. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The present case, however, does not warrant application of collateral estoppel principles, as no issues were resolved against the government in the state prosecution.

## CONCLUSION

This Court therefore holds that the Double Jeopardy Clause does not bar prosecution under the present federal indictment. To hold otherwise would render the dual sovereignty rule a nullity. Accordingly, defendants' motion is denied.

SO ORDERED.